**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| JOHN WARREN, Individually and for Others Similarly Situated<br><br>v.<br><br>PONDSCO FACILITY SERVICES, LLC | Case No. _____<br><br>Jury Trial Demanded<br><br>FLSA Collective Action<br>Pursuant to 29 U.S.C. § 216(b) |

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

**SUMMARY**

1. John Warren (Warren) brings this collective action to recover unpaid overtime and other damages from Pondsco Facility Services, LLC (Pondsco).

2. Warren worked for Pondsco as a Janitor.

3. Like the Putative Class Members (as defined below), Warren regularly worked more than 40 hours in a week.

4. But these workers never receive overtime when they work more than 40 hours in a workweek.

5. Instead of paying overtime, Pondsco pays Warren and the Putative Class Members the same hourly rate for all hours worked, including those in excess of 40 hours in a workweek (or "straight time for overtime").

6. Pondsco's straight time for overtime pay scheme violates the Fair Labor Standards Act (FLSA) because it deprives Warren and the Putative Class Members of overtime pay at the proper premium rates.

7. Further, Pondsco does not pay Warren and the Putative Class Members for all the hours they worked.

8. Instead, for every shift these employees work at least 6 hours, Pondsco automatically deducts 30 minutes from their work time for so-called meal breaks.

9. Warren and the Putative Class Members are thus not paid for that time.

10. But Pondsco fails to provide Warren and the Putative Class Members with *bona fide* meal breaks.

11. Instead, Pondsco requires Warren and the Putative Class Members to remain on-duty throughout their shifts and continuously subjects them to interruptions, including during their unpaid "meal breaks."

12. Pondsco's auto-deduction policy violates the FLSA by depriving Warren and the Putative Class Members of overtime pay for all overtime hours worked.

## JURISDICTION & VENUE

13. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

14. This Court has general personal jurisdiction over Pondsco because Pondsco is a domestic limited liability company headquartered in Plano, Texas.

15. Venue is proper in this District because Pondsco's headquarters is in Plano, Texas. 28 U.S.C. § 1391(b)(1).

## PARTIES

16. Warren has worked for Pondsco as a Janitor since approximately April 2022.

17. Throughout his employment, Pondsco paid Warren on an hourly basis.

18. Indeed, throughout his employment, Pondsco paid Warren the same hourly rate for all hours worked, including those in excess of 40 in a workweek (or "straight time for overtime").

19. Further, throughout his employment, Pondsco subjected Warren to its common practice of automatically deducting 30 minutes a day from his recorded work time for so-called "meal breaks" when he worked shifts of at least 6 hours.

20. Warren's written consent is attached as **Exhibit 1**.

21. Warren brings this action on behalf of himself and other similarly situated employees who Pondsco paid under its straight time for overtime pay scheme,

22. Pondsco paid each of these workers the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

23. This collective of similarly situated employees is defined as:

> **All Pondsco employees who were paid straight time for overtime at any time during the past 3 years ("Straight Time Class Members" or "Straight Time Class").**

24. Warren also brings this action on behalf of himself and all hourly, Pondsco employees who were subject to Pondsco's automatic meal break deduction policy.

25. Pondsco uniformly requires all these employees to remain on-duty and perform work throughout their shifts, including their unpaid "meal breaks."

26. This collective of similarly situated employees is defined as:

> **All hourly Pondsco employees who received an automatic meal period deduction at any time during the past 3 years ("Meal Break Class Members" or "Meal Break Class").**

27. The Straight Time Class Members and the Meal Break Class Members are collectively referred to as the "Putative Class Members."

28. Pondsco is a Texas limited liability company that maintains its headquarters in Plano, Texas.

29. Pondsco may be served with process by serving its registered agent: **J. Michael Ponds, 1609 Precision Drive, Suite 3000, Plano, Texas 75074**, or wherever he may be found.

## COVERAGE UNDER THE FLSA

30. At all relevant times, Pondsco was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

31. At all relevant times, Pondsco was an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

32. At all relevant times, Pondsco was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cleaning supplies, cleaning products, and personal protective equipment – that have been moved in or produced for commerce.

33. At all relevant times, Pondsco has had an annual gross volume of sales made or business done of not less than $500,000 each year.

34. At all relevant times, Warren and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

35. Pondsco uniformly paid Warren and the Straight Time Class Members the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

36. As a result, Pondsco failed to paid Warren and the Straight Time Class Members overtime at the proper premium rates for all overtime hours worked in violation of the FLSA.

37. Pondsco's straight time for overtime pay policy, which deprives Warren and the Straight Time Class Members of overtime compensation at the proper premium rates is a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

38. Further, Pondsco uniformly deducted 30 minutes from Warren and the Meal Break Class Members' wages for so-called "meal breaks" when they work shifts of at least 6 hours, even when these employees did not actually receive *bona fide*, non-interrupted meal breaks.

39. As a result, Pondsco failed to pay Warren and the Meal Break Class Members for this compensable work, including overtime, in violation of the FLSA.

40. Pondsco's automatic meal break deduction policy, which deprives Warren and the Meal Break Class Members of overtime compensation for the weeks in which these workers work over 40 hours is a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

## FACTUAL ALLEGATIONS

41. "Pondsco is a janitorial and facility services provider"[1] with operations across the United States.[2]

42. To complete its business objectives, Pondsco employs workers, including Warren and the Putative Class Members, to provide janitorial and facility services to its commercial clients.

43. Pondsco uniformly pays these employees on an hourly basis.

44. Indeed, Pondsco uniformly pays Warren and the Putative Class Members the same hourly rate for all hours worked, including those in excess of 40 hours in a workweek (or "straight time for overtime").

45. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

46. For example, Warren has worked for Pondsco as a Janitor since approximately April 2022.

---

[1] https://www.pondsco.com/about/ (last visited March 29, 2023).
[2] https://www.pondsco.com/cities/ (last visited March 29, 2023).

- 5 -

47.   As a Janitor, Warren's primary responsibilities included cleaning, sweeping, mopping, waxing, and disinfecting surfaces.

48.   Throughout his employment, Pondsco paid Warren on an hourly basis:



49.   Specifically, Pondsco paid Warren the same hourly rate ($14.80) for all hours worked, including those in excess of 40 hours in a workweek:



50.   Pondsco uniformly paid Warren and the Putative Class Members under its straight time for overtime pay scheme that deprives these employees of overtime pay at the proper premium rate when they work more than 40 hours in a workweek in violation of the FLSA.

51.   Warren and the Putative Class Members are Pondsco's hourly employees.

52.   Warren and the Putative Class Members are not paid a guaranteed salary.

53.   If Warren and the Putative Class Members work fewer than 40 hours in a week, Pondsco only pays them for the hours they actually worked.

54. But Warren and the Putative Class Members regularly work more than 40 hours in a week.

55. Indeed, Pondsco typically schedules Warren and the Putative Class Members to work 7-8 hours a day, for 5-6 days a week.

56. Warren and the Putative Class Members work in accordance with the schedule set by Pondsco.

57. Despite Warren and the Putative Class Members regularly working overtime, Pondsco paid them the same hourly rate for all hours worked, including those in excess of 40 in a workweek, in violation of the FLSA.

58. Rather than receiving time and half as required by the FLSA, Pondsco only paid Warren and the Putative Class Members "straight time" pay for the overtime hours they worked.

59. Pondsco's "straight time for overtime" pay scheme violates the FLSA because it deprives Warren and the Putative Class Members of overtime pay at rates not less than 1.5 times their regular rates of pay for all hours worked in excess of 40 in a workweek.

60. Further, throughout his employment, Pondsco subjected Warren to its common practice of automatically deducting 30 minutes a day from his recorded work time for so-called "meal breaks" when he worked shifts of at least 6 hours, regardless of whether he actually received a *bona fide* meal break.

61. For example, in the 2-week pay period from July 17, 2022 through July 31, 2022, for each shift Warren worked at least 6 hours, Pondsco automatically deducted 30 minutes from his recorded hours worked for so-called "meal breaks":

| Date | Location | Pay Rate | OT Rate | In | Out | Reg | OT |
|---|---|---|---|---|---|---|---|
| | Pondsco Facility Services, LLC | 1609 Precision Dr., Suite 3000 | | Plano | TX | 75074 | |
| | | | | Tanger Branson | | | |
| 07/17/22 | Tanger Branson | $14.10 | | 2:30 pm | 10:00 pm | 7.00 | |
| 07/18/22 | Tanger Branson | $14.10 | | 2:00 pm | 10:52 pm | 8.25 | |
| 07/19/22 | Tanger Branson | $14.10 | | 4:00 pm | 11:00 pm | 6.50 | |
| 07/20/22 | Tanger Branson | $14.10 | | 4:00 pm | 10:36 pm | 6.00 | |
| 07/21/22 | Tanger Branson | $14.10 | | 4:00 pm | 10:55 pm | 6.50 | |
| 07/23/22 | Tanger Branson | $14.10 | | 9:00 am | 4:01 pm | 6.50 | |
| 07/24/22 | Tanger Branson | $14.10 | | 2:00 pm | 10:52 pm | 8.25 | |
| 07/25/22 | Tanger Branson | $14.10 | | 4:00 pm | 10:42 pm | 6.25 | |
| 07/27/22 | Tanger Branson | $14.10 | | 2:51 pm | 10:23 pm | 7.00 | |
| 07/30/22 | Tanger Branson | $14.10 | | 1:30 pm | 10:15 pm | 8.25 | |
| 07/31/22 | Tanger Branson | $14.10 | | 2:00 pm | 11:00 pm | 8.50 | |
| Total | | | | | | 79.00 | |

62. But Warren never receives *bona fide* meal breaks.

63. Instead, Pondsco requires Warren to remain on-duty and working throughout his shifts, continuously subjecting him to interruptions, including during his unpaid meal periods.

64. Warren and the Putative Class Members performed their jobs under Pondsco's supervision, and using materials, equipment, and cleaning products approved and supplied by Pondsco.

65. Pondsco requires Warren and the Putative Class Members to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

66. At the end of each pay period, Warren and the Putative Class Members received wages from Pondsco that were determined by common systems and methods that Pondsco selected and controlled.

67. Pondsco requires its hourly employees, including Warren and the Putative Class Members, to record their hours worked using Pondsco's timeclock system.

68. Further, Pondsco subjects its hourly employees, including Warren and the Putative Class Members, to a common policy and practice of automatically deducting time from these employees' recorded hours worked for meal periods.

69. Specifically, Pondsco automatically deducts 30 minutes from Warren and the Putative Class Members' time records each shift they work at least 6 hours for meal periods, regardless of whether these employees actually receive a full, uninterrupted, 30-minute meal break.

70. But Pondsco fails to provide Warren and the Putative Class Members with *bona fide* meal periods.

71. Instead, Pondsco requires Warren and the Putative Class Members to remain on-duty and working throughout their shifts, continuously subjecting them to interruptions, including during their unpaid meal periods.

72. This unpaid time is compensable under the FLSA because Pondsco knew, or should have known, that (1) Warren and the Putative Class Members were performing unpaid work during their "meal breaks," (2) they were interrupted or subject to interruptions with work duties during any attempted meal period, (3) they entirely skipped the meal period due to work demands, and/or (4) the meal period was less than 30 minutes.

73. Pondsco failed to exercise its duty to ensure Warren and the Putative Class Members were not performing work that Pondsco did not want performed during their unpaid "meal breaks."

74. Indeed, Pondsco does not provide Warren and the Putative Class Members with a way to report when their meal breaks are missed, interrupted, or otherwise not *bona fide* to prevent Pondsco from automatically deducting 30 minutes from their work time.

75. Despite accepting the benefits, Pondsco did not pay Warren and the Putative Class Members for the compensable work they performed during their "meal breaks."

76. Thus, under Pondsco's uniform automatic meal break deduction policy, Warren and the Putative Class Members are denied overtime pay for those on-duty "meal breaks" in workweeks in which they work in excess of 40 hours in violation of the FLSA.

77. Pondsco also subjects Warren and the Putative Class Members to its uniform policy of automatically rounding these employees' recorded time punches to the nearest 15-minute increment.

78. Pondsco's uniform rounding policy violates the FLSA by depriving Warren and the Putative Class Members of overtime pay for all overtime hours worked because Pondsco fails to include all work time in these employees' total hours worked.

79. Pondsco knows Warren and the Putative Class Members routinely perform work "off the clock" during their unpaid meal breaks because Pondsco expects and requires these employees to do so.

80. But Pondsco does not pay Warren and the Putative Class Members for their routine "off the clock" work, including those hours worked in excess of 40 hours in a workweek, in violation of the FLSA.

81. Warren worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

82. Likewise, each Putative Class Member worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

83. Indeed, Pondsco typically schedules Warren and the Putative Class Members to work 7-8 hours a day, for 5-6 days a week.

84. And Warren and the Putative Class Members regularly are also required to work during their unpaid meal breaks "off the clock" in order to complete their job duties and responsibilities.

85. As a result, Warren and the Putative Class Members work in excess of 40 hours in a typical workweek.

86. When Warren and the Putative Class Members worked more than 40 hours in a workweek, Pondsco did not pay them 1.5 times their regular hourly rate for all overtime hours worked

due to Pondsco's straight time for overtime pay scheme and Pondsco's failure to include time these employees worked during their unpaid meal breaks in their total number of hours worked in a given workweek.

87. Pondsco knew, or should have known, it was subject to the FLSA, including its overtime provisions.

88. Pondsco knew, or should have known, the FLSA requires it to pay employees, including Warren and the Putative Class Members, overtime at rates not less than 1.5 times these employees' regular rates of pay for all hours worked in excess of 40 hours in a workweek.

89. Pondsco knew, or should have known, Warren and the Putative Class Members worked more than 40 hours in a week.

90. Pondsco knew, or should have known, Warren and the Putative Class Members regularly worked during their unpaid meal breaks because Pondsco expected and required them to do so.

91. Pondsco knew, should have known, or showed reckless disregard for, whether the conduct described in this Complaint violated the FLSA.

92. Pondsco knowingly, willfully, and/or in reckless disregard carried out its illegal straight time for overtime and automatic deduction policies that deprived Warren and the Putative Class Members of overtime compensation at the proper premium rates for all overtime hours worked in violation of the FLSA.

93. Nonetheless, Pondsco failed to pay Warren and the Putative Class Members overtime at the proper premium rate for all hours these employees worked in excess of 40 hours in a workweek.

94. Pondsco's failure to pay overtime compensation to Warren and the Putative Class Members was neither reasonable, nor was the decision not to pay these employees overtime made in good faith.

**COLLECTIVE ALLEGATIONS**

95. Warren brings his claims as a collective action under the FLSA.

96. The Putative Class Members were victimized by Pondsco's pattern, practice, and/or policy which is in willful violation of the FLSA.

97. Other Putative Class Members worked with Warren and indicated they were paid in the same manner, performed similar work, and were subject to Pondsco's same automatic meal break deduction policy.

98. Based on his experiences with Pondsco, Warren is aware Pondsco's illegal practices were imposed on the Putative Class Members.

99. The Putative Class Members are similarly situated in all relevant respects.

100. Even if their precise job duties and locations might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

101. Therefore, the specific job titles or precise job locations of the various members of the Putative Class do not prevent collective treatment.

102. Rather, the Putative Classes are held together by Pondsco's uniform straight time for overtime and automatic meal break deduction policies that systematically deprived Warren and the Putative Class Members of overtime pay at the proper premium rates for all hours worked in excess of 40 in a workweek.

103. The Putative Class Members are similarly denied overtime when they work more than 40 hours per week.

104. The overtime owed to Warren and the Putative Class Members will be calculated using the same records and using the same formula.

105. Warren and the Putative Class Members sustained damages arising out of Pondsco's illegal and uniform employment policies.

106. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Pondsco's records, and there is no detraction from the common nucleus of liability facts.

107. Therefore, the issue of damages does not preclude collective treatment.

108. Warren knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

109. Pondsco is liable under the FLSA for failing to pay overtime to Warren and the Putative Class Members.

110. As part of its regular business practices, Pondsco intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Warren and the Putative Class Members.

111. Pondsco's illegal straight time for overtime and automatic meal break deduction policies deprived Warren and the Putative Class Members of the premium overtime wages they are owed under federal law.

112. There are many similarly situated Putative Class Members who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

113. This notice should be sent to the Putative Class Members pursuant to 29 U.S.C. § 216(b).

114. The Putative Class Members are known to Pondsco, are readily identifiable, and can be located through Pondsco's records.

### CAUSE OF ACTION
### VIOLATIONS OF THE FLSA

115. Warren realleges and incorporates all other paragraphs by reference.

116. Warren brings his FLSA claim as a collective action under 29 U.S.C. § 216(b).

117. Pondsco violated, and is violating, the FLSA by failing to pay Warren and the Putative Class Members overtime at the proper premium rates for all hours worked in excess of 40 in a single workweek, including hours worked "off the clock" during these employees' unpaid meal periods.

118. Throughout the relevant period, Pondsco paid Warren and the Putative Class Members the same hourly rate for all hours worked, including those worked in excess of 40 hours in a workweek.

119. Throughout the relevant period, Pondsco expected and required Warren and the Putative Class Members to remain on-duty and be available to work during their unpaid "meal breaks."

120. Warren and the Putative Class Members have been harmed as a direct and proximate result of Pondsco's unlawful conduct because they have been deprived of wages owed for work that they performed and from which Pondsco derived a direct and substantial benefit.

121. Pondsco knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Warren and the Putative Class Members overtime compensation at the proper premium rates for all overtime hours worked.

122. Pondsco's failure to pay Warren and the Putative Class Members overtime compensation at the proper premium rate for all overtime hours worked was neither reasonable, nor was the decision not to pay them overtime at the proper premium rate for all overtime hours worked made in good faith.

123. Accordingly, Warren and the Putative Class Members are entitled to recover their unpaid overtime wages under the FLSA in an amount equal to 1.5 times their regular hourly rates of pay, plus an equal amount as liquidated damages, and attorney's fees and costs.

**JURY DEMAND**

124. Warren demands a trial by jury.

**RELIEF SOUGHT**

WHEREFORE, Warren, individually and on behalf of the Putative Class Members, seeks the following relief:

a. An Order designating the FLSA Collective as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. An Order pursuant to Section 16(b) of the FLSA finding Pondsco liable for unpaid back wages due to Warren and the Putative Class Members and for liquidated damages in an amount equal to their unpaid compensation;

c. Judgment awarding Warren and the Putative Class Members all unpaid overtime and other damages available under the FLSA;

d. An Order awarding attorneys' fees, costs, and expenses;

e. Pre- and post-judgment interest at the highest applicable rates; and

f. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ Andrew W. Dunlap
**Michael A. Josephson**
Texas Bar No. 24014780
**Andrew W. Dunlap**
Texas Bar No. 24078444
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS FOR PLAINTIFF
& PUTATIVE CLASS MEMBERS**